996 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fon ROGERS, II; Lon B. Rogers Bradshaw Trust, Plaintiffs-Appellants,
v.
THE PITTSTON COAL COMPANY; Jewell Ridge Coal Corporation,
Defendants-Appellees,
and
Jewell Smokeless Coal Corporation; Vansant Coal
Corporation, Defendants.
The Pittston Coal Company; Jewell Ridge Coal Corporation,
Thames Development, LTD., Plaintiffs-Appellees,
v.
Fon Rogers, II; Lon B. Rogers Bradshaw Trust; Marylon R.
Glass; Martha R. Plaster, Defendants-Appellants,
and
Jewell Smokeless Coal Corporation; Vansant Coal
Corporation; Jewell Resources Corporation, Defendants.
 Nos. 92-2453 and 92-2454.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 3, 1993.
Decided: June 30, 1993.
 
 Appeals from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge.
 Larry Benson Kirksey, WOODWARD, MILES & FLANNAGAN, P.C., for Appellants.
 Stephen McQuiston Hodges, PENN, STUART, ESKRIDGE & JONES, for Appellees.
 Wade W. Massie, PENN, STUART, ESKRIDGE & JONES, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Fon Rogers, II, Trustee, and Lon B. Rogers Bradshaw Trust No. 2 (collectively, "Rogers") appeal an order of the district court granting the motion of The Pittston Coal Company and Jewell Ridge Coal Corporation (collectively, "Pittston") to disqualify Rogers' counsel, Donald R. Johnson. Rogers maintains that the matters underlying this litigation, and Johnson's prior work on Rogers' mineral leases while employed by Pittston, are not substantially related and thus cannot give rise to a conflict of interest requiring disqualification of Johnson. Because the matters are substantially related, we conclude that the district court properly granted the motion. Accordingly, we affirm.
 
 I.
 
 2
 From 1978 to 1985, Johnson was employed as in-house assistant general counsel providing legal services for Pittston. In 1984 Lon B. Rogers, a lessor of mineral rights to Pittston affiliates, requested payment of minimum royalties under the terms of the leases.[1] Johnson reviewed the agreements and directed payment of the royalties.
 
 
 3
 In 1990 Rogers retained Johnson, who was no longer employed by Pittston but was engaged in private practice, to negotiate with Pittston regarding performance and compliance under the leases. Pittston filed suit, seeking a declaration of the rights and duties of the parties under the leases to mine diligently and avoid lost coal, to mine a fair portion of the coal, and to deposit coal refuse on the property. Rogers then brought an action alleging breach of the fair portion mining provisions of the leases, trespass, and unjust enrichment.[2] Rogers sought compensatory and punitive damages in excess of $80 million and injunctive relief. Pittston moved to disqualify Johnson on the ground that his prior work on Rogers' leases while employed by Pittston was substantially related to these suits and thus constituted a conflict of interest.
 
 
 4
 During a telephone conference with the district court, Pittston requested permission to file documents in camera and under seal for consideration on the motion. The district court allowed the submission and later referred the matter to a magistrate judge to conduct an evidentiary hearing. See 28 U.S.C.A. § 636(b)(1)(A) (West Supp. 1993). The magistrate judge granted the motion to disqualify and the district court subsequently affirmed. Rogers v. Pittston Co., 800 F. Supp. 350 (W.D. Va. 1992). Upon Rogers' motion, the district court certified an interlocutory appeal, which a panel of this court permitted. See 28 U.S.C.A. § 1292(b) (West Supp. 1993).[3]
 
 II.
 
 5
 After careful review of the record, we agree with the conclusion of the district court that Johnson's prior work on the minimum royalty provisions of Rogers' leases and Johnson's current representation of Rogers in regard to performance and compliance under the leases are substantially related. See Va. Code Prof. Resp. DR 5-105(D); Shaffer v. Farm Fresh, Inc., 966 F.2d 142, 145 (4th Cir.) (noting that decision to disqualify counsel for conflict of interest is reviewed de novo and is "predicated upon a proper application of applicable ethical principles"), cert. denied, 113 S. Ct. 657 (1992). Consequently, the decision to disqualify Johnson was proper.
 
 AFFIRMED
 
 
 [1]
 In 1991, Lon B. Rogers conveyed his interests in the leases to a trust, the Lon B. Rogers Bradshaw Trust No. 2. Fon Rogers, II serves as trustee of the trust
 
 
 [2]
 These actions were consolidated
 
 
 [3]
 Rogers then moved this court to prohibit the district court from forwarding the documents submitted under seal and in camera for inclusion in the record, or in the alternative, to allow Rogers' new counsel to see the documents. We denied the motion and directed the district court to transmit the documents to this court under seal for consideration on appeal. However, we arrive at our decision without reliance on these documents and therefore do not reach the issue of the propriety of consideration of these papers by the district court